[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16807
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20846-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY L. ADDISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 5, 2017)

Before ED CARNES, Chief Judge, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Jeremy Lorenzo Addison pleaded guilty to forcibly assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b), and was sentenced to 204 months imprisonment.  He appeals his sentence, contending that it is procedurally and substantively unreasonable.

Addison's base offense level under the United States Sentencing Guidelines was 14.  U.S.S.G. § 2A2.2(a) (2015).  He received a 3-level enhancement because the victim sustained bodily injury, id. § 2A2.2(b)(3)(A), a two-level enhancement because he was convicted under 18 U.S.C. § 111(b), id. § 2A2.2(b)(7), and a 6-level enhancement because he knew that the victim was a prison official and assaulted him while in custody, id. § 3A1.2(c)(2).  Those enhancements yielded a total offense level of 25.  Addison also had an extensive criminal history, including seven batteries against law enforcement officers, which resulted in a criminal history category of VI.  Based on an offense level of 25 and criminal history category of VI, Addison's guidelines range was 110 to 137 months imprisonment.

The government moved for an upward variance based on Addison's criminal record, history of violence, and multiple death threats to federal officials, one of which he made to an Assistant United States Attorney while awaiting sentencing in this case.  At sentencing, Addison contended that a guidelines sentence was appropriate in light of his troubled childhood and history of mental illness.  The district court found that the seriousness of the offense, the need to protect the

public, and Addison's history and characteristics warranted a 204 month sentence — a variance of 67 months over the high end of Addison's guidelines range.

We review only for an abuse of discretion the reasonableness of a sentence. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Addison first contends that his sentence is procedurally unreasonable because the district court failed to sufficiently justify the upward variance. We disagree. When a district court imposes a sentence outside the guidelines range, its justification must be "sufficiently compelling to support the degree of the variance." Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007). We have held that a "major variance" outside the guidelines range "require[s] a more significant justification than a minor one." Irey, 612 F.3d at 1196. Such a sentence is procedurally reasonable, however, as long as the record shows that the district court "listened to the evidence and arguments and was aware of the various factors the defendant put forward for a lesser sentence." Id. at 1195.

The record shows that the district court not only listened to the evidence and arguments, but also discussed at length the reasons supporting an upward variance.

It described, among other things, the nature of the offense and Addison's specific history and characteristics. Its reasoning comprised ten pages of the sentence hearing transcript. That was more than enough. See id. Although Addison asserts that the district court merely recited the § 3553(a) factors, "the district court is not required . . . to discuss each of the § 3553(a) factors." United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009). Addison's sentence is procedurally reasonable.

Addison next contends that his sentence is substantively unreasonable. He argues that the district court gave short shrift to his specific history and characteristics. Under the abuse of discretion standard, we will affirm a sentence unless the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences." Irey, 612 F.3d at 1190.

The record shows that the district court considered Addison's troubled childhood and history of mental illness among other factors, including the need to protect the public and his extensive criminal history, which included seven convictions for battery on a detention officer, a conviction for aggravated assault with a deadly weapon, and a conviction for threatening to kill the President and a Secret Service agent. Our task is not to reweigh the § 3553(a) factors but to

4

determine whether the district court abused its discretion.  See id. at 1188–89.  It did not.

Finally, Addison argues that the district court should not have considered the facts supporting his several guidelines enhancements when deciding whether to vary upwards from the guidelines range.  But our precedent permitted the district court to do precisely that.  United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010) ("[A] district court can rely on factors in imposing a variance that it ha[s] already considered in imposing an enhancement.").  Addison's sentence is substantively reasonable.

**AFFIRMED.**

5